IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| HOLLY C. PHILLIPS, | ) |
|     Plaintiff, | ) |
| | ) |
| | ) NO. 1:20-cv-00020[1] |
| v. | ) |
| | ) JUDGE CAMPBELL |
| LEWISBURG POLICE | ) MAGISTRATE JUDGE |
| DEPARTMENT, DR. PHIL MCGRAW, | ) NEWBERN |
| and DECKA PRODUCTS, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM

Holly C. Phillips, a resident of Lewisburg, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against the Lewisburg Police Department, Dr. Phil McGraw, and Decka Products. (Doc. No. 1). Subsequent to filing her complaint, Plaintiff filed a document entitled "Federal Tort Claim/Witness Protection," which the Court construes as a supplement to the complaint. (Doc. No. 5).

## I. SCREENING STANDARD

Because Plaintiff is proceeding as a pauper in this action, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the

---

[1] This case was opened as No. 3:20-cv-00290 in the Nashville Division of the United States District Court for the Middle District of Tennessee and, by Order entered on April 10, 2020, was transferred to the Columbia Division of the United States District Court for the Middle District of Tennessee. (Doc. No. 4).

1

Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## II. SECTION 1983 STANDARD

Plaintiff seeks relief, in part, pursuant to 42 U.S.C. § 1983. (Doc. No. 1 at 1). To state a claim under Section 1983, a plaintiff must allege and show: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under Section 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. SCREENING OF THE COMPLAINT

Plaintiff names the Lewisburg Police Department, Dr. Phil McGraw, and Decka Products as Defendants to this action. The complaint alleges that "the local police used [Plaintiff's] mentor/guardian[']s family to bug/wire [her] apartment w/o [her] consent" and "have trafficked [her] sexually and given access . . . through an illegal app" since she was 18 years old. (Doc. No. 1 at 4). The complaint further alleges that, in 2017, "the local authoritys [sic]" kidnapped her, concealed her pregnancy, gave her six pills, and vandalized her car. (*Id*. at 4). In another portion of the complaint, Plaintiff writes:

> The local police and Dr. Phil punished someone who live in captivity and have sexually, emotionally, and physically impacted my life. I have had a skull in me since 2017. They also are allowing my ex brother in law to draw money from it while keeping me held against will and they are allowing an abuser to practice medicine on me.

(*Id*. at 5). In the supplement to her complaint, Plaintiff alleges that she "currently lives on audio/video w/o her consent" and she has been "sexually violated" and denied her "normal routine of medication." (Doc. No. 5 at 1).

As a remedy, the complaint asks the Court to subpoena Dr. McGraw and a number of individuals not mentioned anywhere else in the complaint and grant her "emergency mediation and restoration of all driving privileges that were taken away due to being pregnant." (*Id*.) Plaintiff states that she "would like to go on contract with the FBI as part of witness protection against TN State and Dr. Phil and use them to put a team together to help build company and to help me come out of being held destitute and dormant on a tax ID number to help stabilize" herself. (*Id*.)

First, with respect to the Lewisburg Police Department, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g., Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney*

*v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Lewisburg Police Department. These claims will be dismissed.

With respect to Dr. Phil McGraw and Decka Products, Section 1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). In other words, a plaintiff generally cannot sue a private company or individual for violations of her constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Whether state action is present in a case involving private citizens depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "under color of state law" element of Section 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

The Supreme Court has set forth three tests to determine whether conduct may be fairly attributable to the state in order to hold a defendant liable under Section 1983. These tests are (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state. *Id*. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*.

Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private party so that the action taken may be attributed to the state. *Id*.

Here, Plaintiff cannot establish that either Dr. McGraw or Decka Products is a state actor under any of the three tests. As for Decka Products, Plaintiff makes no allegations against it; other than being listed as a Defendant to this action on page three of the complaint, Decka Products is not mentioned in the narrative of the complaint or otherwise. The Court therefore concludes that the alleged actions of Decka Products, a private company, were not taken "under color of state law," and Plaintiff's Section 1983 claims against Defendant Decka Products must be dismissed for failure to state a claim upon which relief can be granted.

As for Dr. McGraw, the complaint alleges that he "punished someone who live[s] in captivity" and has "sexually, emotionally, and physically impacted [Plaintiff's] life." (Doc. No. 1 at 5). The complaint also alleges that Dr. Phil, along with the local police, is "allowing [Plaintiff's] ex brother in law to draw money from it while keeping [Plaintiff] held against [her] will and they are allowing an abuser to practice medicine on [her]." (*Id*.) It is not clear from the complaint what "it" is. The complaint seems to suggest that Dr. McGraw played a role in forcing Plaintiff to become pregnant, or to terminate her pregnancy, leaving "bone fragments" of a fetus inside Plaintiff. (Doc. No. 5 at 3).

Plaintiff cannot establish that Dr. McGraw is a state actor under the public function test. The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state, such as holding elections or exercising eminent domain. *See id.* Here, Plaintiff has not provided any facts explaining how Dr. McGraw was exercising a power traditionally reserved to the state.

Nor can Plaintiff establish that Dr. McGraw is a state actor under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the acts of a private citizen are deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Plaintiff has provided no facts suggesting that the state exercised coercive power or provided encouragement to Dr. McGraw in his actions with regard to Plaintiff.

Finally, Plaintiff cannot establish that Defendant is a state actor under the symbiotic relationship or nexus test. The acts of a private citizen constitute state action when there is a sufficiently close nexus between the state and the challenged action so that the action of the private citizen may be fairly treated as that of the state itself. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Plaintiff must show that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for the purposes of Section 1983. The complaint fails to allege any facts to support a relationship between Dr. McGraw and the state that led to any constitutional deprivation. The complaint makes no allegations against the State of Tennessee.[2]

The Court therefore concludes that the alleged actions of Dr. McGraw actions were not taken "under color of state law," and Plaintiff's Section 1983 claims against Defendant Dr. McGraw must be dismissed for failure to state a claim upon which relief can be granted.

---

[2] On page one of the complaint, Plaintiff lists "Tennessee St." as a Defendant. (Doc. No. 1 at 1). However, on pages 2 and 3 of the complaint, Plaintiff does not list "Tennessee St." as a Defendant. (*Id*. at 2-3). Plaintiff does not mention the State of Tennessee at any other point in the complaint, other than Plaintiff states that she "would like to go on contract with the FBI as part of witness protection against TN State and Dr. Phil and use them to put a team together to help build company and to help me come out of being held destitute and dormant on a tax ID number to help stabilize" herself. (Doc. No. 5 at 1). In any event, the State of Tennessee is absolutely immune from suit under the Eleventh Amendment unless (1) it has waived immunity and consented to suit or (2) Congress has authorized suit "in the exercise of its power to enforce the Fourteenth Amendment." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Plaintiff has not identified a waiver of immunity or a specific federal statute authorizing her suit.

In any event, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989) (providing as an example "claims describing fantastic or delusional scenarios, claims which with federal district judges are all too familiar."). The Court finds that the complaint is frivolous and fails to allege concrete facts that state a plausible cause of action over which this Court may exercise jurisdiction. On that basis, too, the Section 1983 claims against Defendants fail as a matter of law.

Finally, included in the attachments to the complaint is an OMB Approved Form No. 1105-0008 dated April 2, 2020, the same date Plaintiff filed her complaint. (Doc. No. 1 at 7). In that form, Plaintiff indicates that she wishes to present a claim for damage, injury, or death to the "FBI and Department of Justice." (*Id*.)  OMB Approved Form No. 1105-0008 "is a form that is used to place a governmental entity on notice of a Federal Tort Claims Act claim against the governmental entity." *Stephens v. Ringue*, No. 1:17-CV-3419, at *3 (N.D. Ga. Oct. 19. 2017). There is no indication that Plaintiff filed this form with the appropriate agency prior to, or contemporaneously with, the filing of this lawsuit.

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b), 2671-2680, a prerequisite to a plaintiff's ability to maintain an FTCA suit in a federal court is prior exhaustion of the plaintiff's administrative remedies. Section 2675(a) of the FTCA provides that a plaintiff cannot institute an FTCA claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency" along with a demand for money damages in a sum certain. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). A plaintiff's failure to file an administrative claim with the applicable agency divests a federal court of subject matter

jurisdiction over the plaintiff's FTCA claim. *Richardson v. United States,* No. 3:12-0368, 2014 WL 4385913, at *4 (M.D. Tenn. Sept. 5, 2014). The fact that a plaintiff is proceeding pro se does not excuse her from the FTCA's administrative exhaustion requirement. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To the extent Plaintiff is attempting to bring FTCA claims in this lawsuit based on torts she alleges were committed by various federal agencies and their employees, Plaintiff's claims fail for three reasons. First, Plaintiff has not named any Federal agencies and/or their employees as defendants. Second, Plaintiff has not identified any action of any Federal agencies and/or their employees in the complaint. Third, Plaintiff has not demonstrated that she has exhausted her administrative remedies under the FTCA, as required by the statute. Although Plaintiff attached OMB Approved Form No. 1105-0008 to her complaint, she does not allege in her complaint that she filed the claim with any federal agency prior to filing this lawsuit. Therefore, the Court finds that, to the extent that Plaintiff intends to bring any claims under the FTCA, those claims must be dismissed as unexhausted.

## IV. CONCLUSION

The Court has conducted an initial review of the amended complaint under 28 U.S.C. § 1915(e)(2) and finds that the complaint fails to state claims upon which relief may be granted under 42 U.S.C. § 1983 and the Federal Torts Claims Act. Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE